UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TROY REESE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-11235-DJC |
| STEPHEN SPAULDING, | ) ) ) | |
| Respondent. | ) ) | |
| TROY REESE, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-11309-DJC |
| RICHARD RUSSELL, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER**

**CASPER, J.**                                                                                    **August 9, 2018**

For the reasons stated below, the Court orders that these actions be DISMISSED without prejudice.

Now before the Court are two petitions for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241") filed by federal pretrial detainee Troy Reese. Reese is being prosecuted in the U.S. District Court for the Eastern District of Pennsylvania on a single count of enticement of a minor. United States v. Reese, Crim. No. 17-00631 (E.D. Pa.). It appears that he is currently at FMC Devens to undergo a mental health evaluation.

1

In his petitions, which are substantially similar, Reese argues that the pending criminal prosecution against him is unlawful, that he should be released on bond, and that judge presiding over the criminal prosecution illegally dismissed a § 2241 petition Reese had filed in the criminal action.  Reese also refers to alleged misconduct by correctional officers at FMC Devens.  Reese asks this Court to vacate the indictment against him and award him restitution for his confinement as a pretrial detainee.

The petitions have not been served so that the Court may review them and determine whether the respondents should be required to reply.  See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).

"Habeas review is an extraordinary remedy," Bousley v. United States, 523 U.S. 614, 621 (1998), and it is generally available only in the absence of any other remedy, see Stack v. Boyle, 342 U.S. 1, 6 (1951).  "[P]rudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." Munaf v. Geren, 553 U.S. 674, 693 (2008).

Here, habeas review is not the appropriate vehicle for addressing Reese's claims concerning the fact of his confinement and the indictment against him.  These issues should be raised in his criminal action, not in a petition for a writ of habeas corpus.  Indeed, federal courts have routinely held that a federal pretrial detainee challenging aspects of his pending criminal charges must seek relief in the criminal action, not in a habeas proceeding.  See, e.g., Goodman v. Warden, 687 Fed. Appx. 788, 788-89 (11th Cir. 2017); United States v. Roberts, 463 Fed. Appx. 72 (3d Cir. 2012) (per curiam); In re Williams, 306 Fed. Appx. 818 (4th Cir. 2009) (per curiam); Garey v. Fed. Detention Ctr., 180 Fed. Appx. 118, 121 (11th Cir. 2006) (per curiam).  Even though

Reese claims that the court presiding over his criminal prosecution has acted illegally, his remedy is to seek relief in the criminal action.

To the extent that Reese wishes to pursue claims concerning the conditions of his confinement, he must file a non-habeas action. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]."  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) (citation omitted).

Accordingly, these actions are DISMISSED without prejudice.

**IT IS SO ORDERED.**

                                       /s/ Denise J. Casper
                                       United States District Judge